1

2

3

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 19, 2022

SEAN F. McAVOY, CLERK

4

5              UNITED STATES DISTRICT COURT

6            EASTERN DISTRICT OF WASHINGTON

7  JOSEPH M.,                          | NO:  1:21-CV-3084-RMP

8                        Plaintiff,    | ORDER DENYING PLAINTIFF'S
                                       | MOTION FOR SUMMARY
9        v.                            | JUDGMENT AND GRANTING
                                       | DEFENDANT'S MOTION FOR
10  COMMISSIONER OF SOCIAL             | SUMMARY JUDGMENT
    SECURITY,
11
                         Defendant.
12

13      BEFORE THE COURT, without oral argument, are cross-motions for

14  summary judgment from Plaintiff Joseph M.[1], ECF No. 12, and Defendant the

15  Commissioner of Social Security (the "Commissioner"), ECF No. 13.  Plaintiff

16  seeks judicial review, pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3), of

17  the Commissioner's denial of his claim for Social Security Income ("SSI") under

18  Title XVI of the Social Security Act (the "Act").  *See* ECF No. 12 at 1.  Having

19  _____

20  [1] In the interest of protecting Plaintiff's privacy, the Court uses Plaintiff's first
    name and last initial.

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

considered the parties' motions, the administrative record, and the applicable law,

the Court is fully informed.  For the reasons set forth below, the Court grants

summary judgment in favor of the Commissioner.

## BACKGROUND

### *Procedural Background*

Plaintiff applied for SSI on approximately January 26, 2016.  *See*

Administrative Record ("AR") 815.[2]  On October 5, 2017, Administrative Law

Judge M.J. Adams held a hearing on Plaintiff's claim and subsequently issued an

unfavorable decision.  AR 15, 25.  Plaintiff appealed the administrative decision to

this Court, which granted a stipulated motion to remand on December 5, 2019.  AR

904–05.  The remand order directed the Commissioner to (1) re-evaluate the medical

opinions and third-party statement(s); (2) re-assess Plaintiff's residual functional

capacity ("RFC"); and (3) if warranted, obtain additional vocational evidence.  AR

905.  On April 7, 2021, Plaintiff appeared, with counsel, for a hearing on remand

before ALJ Adams.  AR 814.  ALJ Adams issued an unfavorable decision on April

26, 2021.  AR 834.  The Appeals Council denied review.  AR 883–88.

/ / /

/ / /

---

[2] The AR is filed at ECF No. 9.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

1    ***Factual Background***

2          Plaintiff asserts that he is unable to work due to a combination of

3    impairments, including: major depressive disorder, general anxiety disorder, alcohol

4    use disorder, substance use disorder, and schizophrenia.  *See* ECF No. 12 at 2.

5    Plaintiff lives with his mother, but reports that his panic disorder prevents him from

6    even spending much time in his mother's company.  AR 1081.  Plaintiff reports

7    helping with household chores, at his own pace, and preparing simple meals for

8    himself.  AR 1083.  Plaintiff no longer drives since his license was suspended.  AR

9    1084.  He goes shopping a few times each month, sometimes with his mother, and

10   rarely socializes.  AR 855, 1085–86.  Plaintiff was a masonry apprentice "a long

11   time ago" and, in 2009, left a job at a fruit warehouse due to conflict with a

12   coworker.  AR 1082–87; *see also* AR 164.  Plaintiff's most recent work was as a

13   part-time warehouse worker for one month in 2015.  AR 164.  Plaintiff socializes

14   and recreates occasionally, such as going fishing with a friend one or two times per

15   month.  AR 855.

16   ***ALJ's Decision***

17          In the April 26, 2021 unfavorable decision, ALJ Adams applied the five-step

18   evaluation process as follows:

19          **Step one:** Plaintiff has not engaged in substantial gainful activity since

20   January 26, 2016, the date that Plaintiff applied for SSI.  AR 817.

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

**Step two:** Plaintiff has the following severe impairments pursuant to 20 CFR § 416.920(c): major depressive disorder, general anxiety disorder, alcohol use disorder, and substance use disorder. AR 817. The ALJ found that other impairments alleged by Plaintiff are not severe within the meaning of 20 CFR § 416.920(c): status post back injury, arthritis throughout the body, asthma, diabetes, and schizophrenia. AR 817. The ALJ further found that "although the claimant did not allege severe impairment of obesity, the record shows that he is obese, which is defined as having a body mass index (BMI) of 30 and above." AR 818. The ALJ acknowledged "that obesity has potential effects in causing or contributing to musculoskeletal, respiratory, cardiovascular, or any other body system impairments. The combined effects of obesity with those impairments may result in greater effects of each of these impairments and other impairments if only considered separately." AR 818. However, the ALJ found that the record did not support that any of Plaintiff's physical conditions has caused significant limitations in functioning and/or did not last for a continuous period of twelve months. AR 818.

**Step three:** Plaintiff does not have an impairment or combination of impairments that meets or equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR §§ 416.920(d), 416.925 and 416.926). In reaching this conclusion, the ALJ found that Plaintiff does not meet the "paragraph B" criteria of having at least one extreme or two marked limitations in a

broad area of functioning to meet the relevant mental impairment listings 12.04, and

12.06.  Specifically, the ALJ found Plaintiff moderately limited in his ability to:

interact with others; understand, remember, or apply information; concentrate,

persist, or maintain pace; adapt and manage himself.  AR 820–23.  The ALJ

indicated that he also considered whether "paragraph C" criteria are satisfied and

found that "the record does not support a depressive/bipolar and related disorder

(12.04) or an anxiety and obsessive compulsive disorder (12.06) with symptoms so

'serious and persistent' that are medically documented for at least two years, and

there is evidence of both: (c)(1): medical treatment, mental health therapy,

psychosocial support(s), or a highly structured setting(s) that is ongoing and that

diminishes the symptoms and signs of his mental disorder; and (c)(2) marginal

adjustment, that is, the individual has minimal capacity to adapt to changes in his

environment or to demands that are not already part of his daily life."  AR 823.  In

sum, for step three, the ALJ concluded that the record "does not establish the

medical signs, symptoms, laboratory findings or degree of functional limitation

required to meet or equal the criteria of any listed impairment and no acceptable

medical source designated to make equivalency findings has concluded that the

claimant's impairment(s) medically equal a listed impairment."  AR 823.

**RFC:** The ALJ found that Plaintiff had the RFC to:

perform a full range of work at all exertional levels but with the
following nonexertional limitations: he can understand, remember and

1
2
3
4
5

> carry out simple instructions; and exercise simple workplace judgment.
> He can perform work that is learned by on the job training beyond a
> short demonstration lasting up to and including one month. He can
> respond appropriately to supervision, but should not be required to
> work in close coordination with coworkers where teamwork is required.
> He can deal with occasional changes in the work environment. He can
> work in jobs that require no interaction with the general public to
> perform the work tasks. This does not preclude [a] working
> environment where public is present.

6    AR 824.

7        In determining Plaintiff's RFC, the ALJ found that Plaintiff's statements

8    concerning the intensity, persistence, and limiting effects of her alleged symptoms

9    "are not entirely consistent with the medical evidence and other evidence in the

10   record" for several reasons that the ALJ discussed.  AR 825.  The ALJ represented

11   that, accordingly, Plaintiff's subjective symptom statements "have been found to

12   affect the claimant's ability to work only to the extent they can reasonably be

13   accepted as consistent with the objective medical and other evidence."  AR 825.

14       **Step four:** Plaintiff has no past relevant work.

15       **Step five:**  The ALJ found that Plaintiff was 40 years old, which is defined as

16   a younger individual age 18-49, on that date that the application was filed; has a

17   Ninth-Grade education and has not obtained a GED; and that transferability of job

18   skills is not material to the determination of disability because Plaintiff does not

19   have past relevant work.  AR 833.  The ALJ found that there are jobs that exist in

20   significant numbers in the national economy that Plaintiff can perform considering

21

1   his age, education, work experience, and RFC.  AR 833.  Specifically, the ALJ

2   recounted that the VE identified the following representative occupations that

3   Plaintiff would be able to perform with the RFC: laundry worker II, laboratory

4   equipment cleaner, and order filler.  AR 834.  The ALJ concluded that Plaintiff had

5   not been disabled within the meaning of the Social Security Act since January 2016,

6   the date on which Plaintiff filed his SSI application.  AR 834.

7                                   **LEGAL STANDARD**

8        ***Standard of Review***

9        Congress has provided a limited scope of judicial review of the

10  Commissioner's decision.  42 U.S.C. § 405(g).  A court may set aside the

11  Commissioner's denial of benefits only if the ALJ's determination was based on

12  legal error or not supported by substantial evidence.  *See Jones v. Heckler*, 760 F.2d

13  993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)).  "The [Commissioner's]

14  determination that a claimant is not disabled will be upheld if the findings of fact are

15  supported by substantial evidence."  *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir.

16  1983) (citing 42 U.S.C. § 405(g)).  Substantial evidence is more than a mere

17  scintilla, but less than a preponderance.  *Sorenson v. Weinberger*, 514 F.2d 1112,

18  1119 n.10 (9th Cir. 1975); *McCallister v. Sullivan*, 888 F.2d 599, 601–02 (9th Cir.

19  1989).  Substantial evidence "means such evidence as a reasonable mind might

20  accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389,

21

1    401 (1971) (citations omitted).  "[S]uch inferences and conclusions as the

2    [Commissioner] may reasonably draw from the evidence" also will be upheld.  *Mark*

3    *v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).  On review, the court considers the

4    record as a whole, not just the evidence supporting the decisions of the

5    Commissioner.  *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989).

6        A decision supported by substantial evidence still will be set aside if the

7    proper legal standards were not applied in weighing the evidence and making a

8    decision.  *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir.

9    1988).  Thus, if there is substantial evidence to support the administrative findings,

10   or if there is conflicting evidence that will support a finding of either disability or

11   nondisability, the finding of the Commissioner is conclusive.  *Sprague v. Bowen*,

12   812 F.2d 1226, 1229–30 (9th Cir. 1987).

13       ***Definition of Disability***

14       The Social Security Act defines "disability" as the "inability to engage in any

15   substantial gainful activity by reason of any medically determinable physical or

16   mental impairment which can be expected to result in death or which has lasted or

17   can be expected to last for a continuous period of not less than 12 months."  42

18   U.S.C. §§ 423(d)(1)(A).  The Act also provides that a claimant shall be determined

19   to be under a disability only if his impairments are of such severity that the claimant

20   is not only unable to do his previous work, but cannot, considering the claimant's

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

1    age, education, and work experiences, engage in any other substantial gainful work

2    which exists in the national economy.  42 U.S.C. § 423(d)(2)(A). Thus, the

3    definition of disability consists of both medical and vocational components.  *Edlund*

4    *v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

5    ### *Sequential Evaluation Process*

6        The Commissioner has established a five-step sequential evaluation process

7    for determining whether a claimant is disabled.  20 C.F.R. §§ 416.920, 404.1520.

8    The ALJ uses step one to determine if he is engaged in substantial gainful activities.

9    If the claimant is engaged in substantial gainful activities, benefits are denied.  20

10   C.F.R. §§ 416.920(a)(4)(i), 404.1520(a)(4)(i).

11       If the claimant is not engaged in substantial gainful activities, the decision

12   maker proceeds to step two and determines whether the claimant has a medically

13   severe impairment or combination of impairments.  20 C.F.R. §§ 416.920(a)(4)(ii),

14   404.1520(a)(4)(ii). If the claimant does not have a severe impairment or combination

15   of impairments, the disability claim is denied.

16       If the impairment is severe, the evaluation proceeds to the third step, which

17   compares the claimant's impairment with listed impairments acknowledged by the

18   Commissioner to be so severe as to preclude any gainful activity.  20 C.F.R. §§

19   416.920(a)(4)(iii), 404.1520(a)(4)(iii); *see also* 20 C.F.R. § 404, Subpt. P, App. 1.  If

20

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

1 the impairment meets or equals one of the listed impairments, the claimant is

2 conclusively presumed to be disabled.

3       If the impairment is not one conclusively presumed to be disabling, the

4 evaluation proceeds to the fourth step, which determines whether the impairment

5 prevents the claimant from performing work that he has performed in the past.  If the

6 claimant can perform his previous work, the claimant is not disabled.  20 C.F.R. §§

7 416.920(a)(4)(iv), 404.1520(a)(4)(iv).  At this step, the claimant's RFC assessment

8 is considered.

9       If the claimant cannot perform this work, the fifth and final step in the process

10 determines whether the claimant is able to perform other work in the national

11 economy considering his residual functional capacity and age, education, and past

12 work experience.  20 C.F.R. §§ 416.920(a)(4)(v), 404.1520(a)(4)(v); *Bowen v.*

13 *Yuckert*, 482 U.S. 137, 142 (1987).

14       The initial burden of proof rests upon the claimant to establish a prima facie

15 case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th

16 Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden

17 is met once the claimant establishes that a physical or mental impairment prevents

18 him from engaging in his previous occupation.  *Meanel*, 172 F.3d at 1113. The

19 burden then shifts, at step five, to the Commissioner to show that (1) the claimant

20 can perform other substantial gainful activity, and (2) a "significant number of jobs

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ISSUES ON APPEAL

The parties' motions raise the following issues regarding the ALJ's decision:

1.    Did the ALJ erroneously discount medical opinion evidence?

2.    Did the ALJ erroneously reject Plaintiff's subjective symptom testimony?

3.    Did the ALJ erroneously formulate Plaintiff's RFC, resulting in harmful error at step five?

## DISCUSSION

### *Medical Opinion Evidence*

Plaintiff argues that the ALJ improperly rejected the opinions of Joanna Kass, ARNP, Patrick Metoyer, Ph.D., Steven Olmer, Psy.D., Luci Carstens, Ph.D., Thomas Genthe, Ph.D., and Melanie Mitchell, Psy.D.  ECF No. 12 at 11.  The Court addresses each opinion in turn.

Plaintiff applied for SSI on approximately January 26, 2016.  AR  834. Revisions to rules guiding the evaluation of medical evidence that took effect on March 27, 2017, do not apply to claims filed before March 27, 2017, and the "treating physician rule" under the previous regulations instead applies.  *See* 20 C.F.R. § 416.927.

1    Under the treating physician rule, "the weight afforded to a medical opinion

2    depends upon the source of that opinion. A treating physician's opinion, for

3    example, is entitled to greater weight than the opinions of nontreating physicians."

4    *Coleman v. Saul*, 979 F.3d 751, 756 (9th Cir. 2020).  An ALJ must consider the

5    acceptable medical source opinions of record and assign weight to each.  20 C.F.R.

6    §§ 404.1527(c), 416.927(c).  This responsibility often involves resolving conflicts

7    and ambiguities in the medical evidence.  *Reddick v. Chater*, 157 F.3d 715, 722

8    (9th Cir. 1998).  To reject the contradicted opinion of a treating or examining

9    physician, the ALJ must provide specific and legitimate reasons for doing so.

10    *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995).  "An ALJ can satisfy the

11    substantial evidence requirement by setting out a detailed and thorough summary

12    of the facts and conflicting clinical evidence, stating his interpretation thereof, and

13    making findings."  *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (citing

14    *Reddick*, 157 F.3d at 725).

15    An ALJ may discount an otherwise valid medical source opinion as overly

16    conclusory, poorly supported by or inconsistent with the objective medical record,

17    or inordinately reliant on a claimant's self-reported symptoms, provided the ALJ

18    provides clear and convincing reasons to discredit the symptom allegations.  *See,*

19    *e.g., Coleman v. Saul*, 979 F.3d 751, 757–58 (9th Cir. 2020).

20    / / /

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

1          **<u>Ms. Kass</u>**

2          Plaintiff argues that the ALJ's reasoning for discounting Ms. Kass's opinion

3    was inadequate.  ECF No. 14 at 2.  Plaintiff maintains that the treatment notes and

4    objective findings from Ms. Kass and others at her clinic support Ms. Kass's

5    opinion, contrary to the ALJ's findings that Ms. Kass did not explain her opinion

6    and the opinion was contrary to the record.  *Id.* at 11.  Plaintiff proposes that a

7    reasonable inference can be drawn that Ms. Kass based her assessment of Plaintiff

8    on her history of treating Plaintiff and her existing knowledge of Plaintiff's medical

9    history, rather than on arbitrary factors.  *Id.* at 2.

10          The Commissioner responds that the ALJ provided a rational basis for

11   assigning Ms. Kass's opinion little weight because Ms. Kass did not provide any

12   explanation for the numerous moderate and marked mental limitations that she

13   identified.  ECF No. 13 at 5–6.

14          The applicable Social Security regulations divide medical opinions into two

15   categories, those from acceptable medical sources and those from other medical

16   sources.  20 C.F.R. § 416.902.  Nurses and nurse practitioners are other sources,

17   whose opinions may be used to show the severity of the claimant's impairment but

18   may not establish the existence of a medically determinable impairment.  2006 SSR

19   LEXIS 5, at *5.  When evaluating any opinion evidence, an ALJ may consider

20   factors including: 1) the length and nature of the relationship with the claimant; 2)

21

1    the consistency with other evidence; 3) the degree to which the opinion is supported

2    by evidence cited by the source; 4) consistency with other evidence; and 5) the

3    source's specialty or area of expertise.  2006 SSR LEXIS 5, at *10–11.

4          The ALJ gave little weight to an August 2016 check-the-box assessment

5    completed by Plaintiff's treating nurse practitioner, Ms. Kass.  AR 830.  The ALJ

6    reasoned that Ms. Kass formed her opinion "less than a year since the amended

7    alleged onset date and she did not provide any explanations to her answers to the

8    checkboxes."  AR 830.  The ALJ continued that "most of the opined moderate and

9    severe limitations and her opinion that the claimant is likely to miss an average of

10   four or more days of work per month are not supported by the record as a whole,

11   which shows that the claimant's mental symptoms and limitations improved with

12   treatment and better compliance."  AR 830–31 (citing AR 510–03).  The ALJ further

13   cited to portions of the record that indicated that Plaintiff's activities of daily living

14   do not support the degree of limitation to which Ms. Kass opined.  AR 831 (citing

15   AR 187, 231–32, 260, 348, 374, 424, 808, 1341, 1358, and 1378–79).  The ALJ

16   concluded that Ms. Kass had not had an opportunity to review Plaintiff's medical

17   record as it stood at the time of the hearing when she formed her opinion.  AR 831.

18         The portions of the record cited by the ALJ support that Plaintiff reported

19   improvement with compliance with his medication regimen and that he is able to

20   prepare his own meals, does housework, and exhibited average intelligence, logical

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

thought process, and socially appropriate, cooperative behavior and presentation

during mental status examinations.  AR 187, 232, 348, 374, 1341, and 1378.  Even if

the records cited by the ALJ also contain "objective findings of paranoid, delusional

though content," as Plaintiff maintains, the Court will not disturb the ALJ's analysis

when it contains the requisite explanation of how the medical evidence and

Plaintiff's activities undermine the medical opinion.  *See Peterson v.* Colvin, 668

Fed. Appx. 278, 279 (9th Cir. 2016).  It is not this Court's prerogative to reweigh the

evidence.  *See Ryan v. Comm'r Soc. Sec. Admin.*, 528 F.3d 1194, 1198 (9th Cir.

2008) ("When evidence is susceptible to more than one rational interpretation, the

ALJ's decision should be upheld.") (internal citation and quotation marks omitted).

Therefore, the Court finds that substantial evidence supported the ALJ's

treatment of Ms. Kass's opinion, and the ALJ provided germane reasons for

discounting Ms. Kass's assessment of the severity of Plaintiff's impairments.  *See*

*Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001) (noting that, in rejecting lay

testimony, the ALJ need not cite the specific record as long as "arguably germane

reasons" for dismissing the testimony are noted); *Bayliss v. Barnhart*, 427 F.3d

1211, 1218 (9th Cir. 2005) ("Inconsistency with medical evidence" is a germane

reason for discrediting lay testimony).

/ / /

/ / /

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15

1

        Dr. Metoyer

2       Plaintiff argues that the ALJ did not give a valid reason for rejecting a portion

3  of Dr. Metoyer's opinion because the ALJ relied on Plaintiff's reported activities to

4  find that they are not consistent with Dr. Metoyer's assessment of a marked

5  limitation in dealing with the usual stress of a workplace.  ECF No. 12 at 13.

6  Plaintiff asserts that his ability to complete activities such as housework and

7  yardwork at his own pace, manage his own funds, attend medical appointments, and

8  occasionally go fishing with friends does not contradict Dr. Metoyer's assessment.

9  *Id.*; *see also* ECF No. 14 at 10.

10      The Commissioner responds that the ALJ's treatment of Dr. Metoyer's

11  assessment of a marked limitation is supported by the record.  ECF No. 13 at 9

12  (citing AR 442, indicating that Plaintiff told a treatment provider that he functioned

13  with no difficulty and that the provider found Plaintiff's Global Assessment of

14  Functioning score was 100 out of a possible 100).  The Commissioner further argues

15  that "[b]ecause the ALJ accounted for Dr. Metoyer's opinion that Plaintiff could not

16  tolerate jobs dealing with complex tasks or social interactions, there is no conflict

17  for the Court to resolve."  *Id.* (citing *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217,

18  1222–23 (9th Cir. 2010), for the proposition that an ALJ's restriction of "little

19  interpersonal interaction" sufficiently accommodated a doctor's opinion of the

20  claimant's mental limitations).

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 16

In his December 9, 2017 mental evaluation of Plaintiff, Dr. Metoyer assessed several moderate limitations in Plaintiff's functioning, including Plaintiff's ability to complete a normal work schedule without interruption from anxiety and mood symptoms. AR 809. Dr. Metoyer also opined that Plaintiff is markedly impaired in his ability to deal with the usual stress encountered in the workplace "if it involves persistent activity, complex tasks, task pressure, [and] interacting with other individuals." AR 810.

The ALJ gave "little weight to the portion of Dr. Metoyer's [December 9, 2017] opinion that, due to mental symptoms and tendency to isolate himself from others, [Plaintiff] is markedly limited in his ability to deal with usual stress encountered in the workplace if it involves persistent activity, complex tasks, task pressure, and interacting with other individuals." AR 830 (citing 806–10). The ALJ continued:

> The undersigned finds this portion of Dr. Metoyer's opinion extreme and not supported by the evidence in the record, which shows that the claimant can complete housework and yard work at his own pace, manage his own funds, go to treatment appointments, go out with friends, fishing with his friends, and shop in stores. While the claimant may have limitation dealing with usual stress encountered in the workplace if it involves persistent activity, complex tasks, task pressure, and interacting with other individuals, it does not raise to the level of marked severity. To accommodate his difficulties with stress associated with complex tasks and interaction with individuals, the undersigned has limited him to simple, non-complex instructions, simple, noncomplex workplace judgment, work that is learned by on the job training beyond a short demonstration lasting up to and including one month, work that does not involve more than occasional

changes in the work environment, work that does not require him to work in close coordination with coworkers where teamwork is required, and work that does not require him to interact with the general public to perform the work tasks.

AR 830 (internal citation to AR 177–84, 185–92, 1081–88, 1089–96, 1127–34, 408, 442, 724, 807–09, 1156–57, 1414–15, 1425–30, 846–64).

Under the regulations, the opinion of an examining, but non-treating physician is generally given deference over the opinion of a non-examining, non-treating physician. *See* 20 C.F.R. § 416.927(c)(1) ("Generally, we give more weight to the medical opinion of a source who has examined you than to the medical opinion of a medical source who has not examined you."). An ALJ must give a specific, legitimate reason for rejecting the testimony of an examining, but non-treating, and that reason must be supported by substantial evidence. *See Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995), as amended (Oct. 23, 1995).

Substantial evidence cited by the ALJ supports that Plaintiff's daily activities undermine Dr. Metoyer's opinion that Plaintiff is markedly limited in his ability to deal with the usual stress encountered in a workplace. *See* AR 830 (citing portions of the record that support that Plaintiff can engage in housework and yard work, manage his own funds, go to treatment appointments, socialize in a limited, but active manner, and shop in stores). Moreover, the Court further finds that the ALJ's reasoning that Plaintiff's limitations in dealing with the identified sources of workplace stress could be accommodated in the RFC amounts to an additional

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 18

specific and legitimate reason for the ALJ's treatment of Dr. Metoyer's opinion. Specifically, the ALJ accepted that "the record shows that increase [sic] stress can worsened [sic] [Plaintiff's] mental symptoms," and the ALJ limited Plaintiff to only occasional changes in the work environment, no interaction with the general public, and no close interaction with coworkers.  AR 824, 833.

<u>Drs. Olmer and Carstens</u>

Plaintiff argues that the ALJ erroneously rejected Dr. Olmer's opinion, and the concurring opinion of Dr. Carstens by reasoning that Dr. Olmer's opinion provided no explanations for the limitations that he assessed, that the opinion was inconsistent with the record as a whole, and that it would be difficult to formulate a clear picture of Plaintiff's functioning without substance abuse.  ECF Nos. 12 at 13; 14 at 6.  Plaintiff asserts that Dr. Olmer properly supported his opinions by providing "a detailed account of [Plaintiff's] relevant history, extensive descriptions of how [Plaintiff's] impairments affected him, and a thorough mental status exam that revealed a number of abnormal findings, consistent with the limitations he assessed."  ECF No. 14 at 6 (citing AR 1156–60).  In addition, Plaintiff disputes that the records cited by the ALJ actually support that Plaintiff presented and performed within normal limits at appointments and examinations and that "[i]n truth, this evidence supports and is consistent with Dr. Olmer's opinion. *Id.* (citing Dr. Olmer's opinion at AR 831).

1    The Commissioner responds that the ALJ legitimately afforded little weight to

2    the opinions of Drs. Olmer and Carstens because they did not provide an explanation

3    for how they reached the specific conclusions they reached.  ECF No. 13 at 9–10

4    (citing *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) ("[W]hen

5    evaluating conflicting medical opinions, an ALJ need not accept the opinion of a

6    doctor if that opinion is brief, conclusory, and inadequately supported by clinical

7    findings.")).  The Commissioner further argues that the ALJ rationally considered

8    materials in the record showing that Plaintiff improved with treatment, showed

9    relatively normal cognitive and social functioning on examinations, and told a

10    treatment provider that he had no functional difficulties at all.  *Id.* at 10–11 (citing

11    233–34, 257, 259–60, 281, 284, 322, 347–48, 355, 370, 373, 424, 442, 475, 711,

12    735, 744, 760, 831, 1341, 1343, 1358, 178–79, 1384, 1389, 1577, 1584, 1589–90,

13    1615, 1624, and 1644).

14    On June 6, 2018, Dr. Olmer conducted a psychiatric evaluation of Plaintiff for

15    the Washington State Department of Social and Health Services ("DSHS") and

16    assessed severe limitations in Plaintiff's ability to:

17    • Understand, remember, and persist in tasks by following detailed

18    instructions;

19    • Perform activities within a schedule, maintain regular attendance, and

20    be punctual within customary tolerances without special supervision;

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 20

- Make simple work-related decisions;

- Be aware of normal hazards and take appropriate precautions;

- Communicate and perform effectively in a work setting; and

- Set realistic goals and plan independently.

*See* AR 1158.  Dr. Olmer also opined that Plaintiff is markedly limited in his ability to:

- Learn new tasks;

- Maintain appropriate behavior in a work setting; and

- Complete a normal workday and work week without interruptions from psychological symptoms.

*See* AR 1158.

On June 28, 2018, Dr. Carstens, who was contracted by DSHS to review Dr. Olmer's report and the medical evidence on which it was based, concurred with Dr. Olmer's assessment, and added that, based on the severity of Dr. Olmer's findings and observations, a duration of more than a minimum of twelve months should be considered.  AR 1161–63.

The ALJ gave "slight weight" to Dr. Olmer's opinion, and Dr. Carsten's agreement with Dr. Olmer's opinion, "because Drs. Olmer and Carstens did not [sic] provided no explanations to justify their answers, which are inconsistent with the record as a whole, such as the claimant's performances at appointments and

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 21

1    examinations and reported activities of daily living, as discussed in detail above."

2    AR 831 (internal citations to the record omitted).  The ALJ added that Drs. Olmer

3    and Carstens "formed these opinions at a time when the claimant admittedly smokes

4    two joints of marijuana daily and binge drink alcohol occasionally. Therefore, a

5    clear picture of his functioning without substance abuse would be difficult to

6    formulate."  AR 831 (citing AR 1156).

7         Despite Plaintiff's contentions to the contrary, the materials cited by the ALJ

8    indeed evidence improvement in and stabilization of Plaintiff's mental condition.

9    *See* AR 232 (January 2016 psychiatric evaluation noting Plaintiff's "good" and

10   "stable" mood, better sleep, although finding Plaintiff to be in the

11   "contemplative/planning stage of change in relation to mental health"); 259

12   (February 2016 examination noting that Plaintiff's adherence to medication regimen

13   had helped his anxiety and made his mood feel more even); 735 (August 2017

14   noting normal psychiatric findings); and 1343 (June 2019 treatment record noting

15   good grooming, hygiene, and eye contact, logical speech, and positive and agreeable

16   demeanor).  Overall, sustained improvement, supported by substantial evidence, is a

17   specific and legitimate reason supported by substantial evidence, to reject a medical

18   opinion.  *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir.

19   2004).

20

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 22

1    In addition, as the ALJ noted, the subject opinions did not address the effect of

2    abstinence from alcohol and marijuana use on the severity of Plaintiff's

3    impairments.  Plaintiff argues that the ALJ erroneously "operated under the theory

4    that a claimant's limitations are not relevant if they are caused by DAA" and the

5    ALJ failed to follow the procedure required for evaluating the materiality of alcohol

6    and substance use by *Bustamante v. Massanari*, 262 F.3d 949, 954–55 (9th Cir.

7    2001).  ECF No. 15–16.  However, the Court does not find Plaintiff's assignment of

8    error for the ALJ's discussion of Plaintiff's alcohol and marijuana use to be on point.

9    The Ninth Circuit Court of Appeals held in *Bustamante* that an ALJ errs by

10    determining that a claimant's mental impairments are "the product and consequence

11    of his alcohol abuse" before deciding that the claimant is disabled under the five-

12    step analysis.  262 F.3d at 955.  Therefore, the two-step process articulated in

13    *Bustamante* is necessary only if the ALJ finds Plaintiff disabled.  *See White v.*

14    *Colvin*, 585 Fed. Appx. 425, 426 n. 2 (9th Cir. 2014).

15    The ALJ did not find that Plaintiff's mental impairments are the consequence

16    of his alcohol or marijuana use, but instead questioned the reliability of Dr. Olmer's

17    opinion because it did not address the contemporaneous alcohol and marijuana use.

18    Accordingly, the Court finds the ALJ's observation that the subject opinions did not

19    consider the relationship between Plaintiff's alcohol and marijuana use and his

20    impairments to amount to an additional specific and legitimate reason.  *See Cothrell*

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 23

1    *v. Berryhill*, 742 Fed. Appx. 232, 236 (9th Cir. 2018) ("The ALJ did not err in

2    failing to consider the testimony of [the] examining psychologist. Like the ALJ,

3    [she] found that [the claimant] was disabled . . . . [She], did not, however, discuss

4    the effect of [claimant's] substance use on her disability determination despite

5    acknowledging [claimant's] history of substance use. . . . This is a specific and

6    legitimate reason to reject [the subject medical] opinion on this point.") (internal

7    citation and quotation marks omitted).

8                    <u>Drs. Genthe and Mitchell</u>

9            Plaintiff argues that the ALJ's reasons for rejecting Dr. Genthe's medical

10   opinion, and the concurring opinion of Dr. Mitchell, were invalid.  First, Plaintiff

11   maintains that, though Dr. Genthe did not review other medical records, he obtained

12   a detailed history from Plaintiff, conducted his own mental status examination, and

13   had Plaintiff complete a psychometric assessment.  ECF No. 12 at 14.  Second,

14   Plaintiff again argues that Dr. Genthe's opinion was consistent with the record as a

15   whole because "[i]n truth, the clinical observations in the record support the opinion

16   of Dr. Genthe as well as the opinions of Ms. Kass, Dr. Metoyer, and Dr. Olmer."  *Id.*

17   at 15.  Last, Plaintiff asserts that the ALJ did not identify any specific inconsistency

18   when he found Dr. Genthe's opinion regarding Plaintiff's level of limitation "not

19   fully consistent with his own descriptions of the claimant during the mental status

20   examination."  ECF No. 12 at 15.

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 24

1    The Commissioner responds that an ALJ "may consider 'the extent to which a

2  medical source is familiar with the other information in [the claimant's] case

3  record.'"  20 C.F.R. § 416.927(c)(6).  Dr. Genthe acknowledged that "'[n]o records

4  were provided for review.'"  ECF No. 13 at 11 (quoting AR 1413).  Moreover, the

5  Commissioner argues, substantial evidence supports the ALJ's finding that Dr.

6  Genthe checked a series of boxes showing moderate and marked functional

7  limitations, but gave no specific explanation as to how he arrived at those

8  conclusions.  *Id.* (citing AR 831, 1416–17).  The Commissioner continues with the

9  argument that, as with the other medical opinions, "Dr. Genthe's was in conflict with

10  much of the medical record, which showed improvement, largely normal findings,

11  and full functionality."  *Id.* (citing AR 831–32.  The Commissioner adds that the

12  ALJ also noted that Dr. Genthe's opinion conflicts with his own examination

13  findings, with is another valid basis on which to discount a medical opinion.  *Id.* at

14  11–12 (citing *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) ("[W]hen

15  evaluating conflicting medical opinions, an ALJ need not accept the opinion of a

16  doctor if that opinion is brief, conclusory, and inadequately supported by clinical

17  findings.")).

18    Dr. Genthe evaluated Plaintiff for DSHS on March 10, 2020, and checked

19  boxes on the evaluation form opining that Plaintiff has marked limitations in his

20  ability to:

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 25

- Understand, remember, and persist in tasks by following detailed instructions;

- Adapt to changes in a routine work setting;

- Communicate and perform effectively in a work setting;

- Maintain appropriate behavior in a work setting; and

- Complete a normal workday and work week without interruptions from psychologically based symptoms.

*See* AR 1416–17. Dr. Genthe also rated the overall severity of Plaintiff's diagnosed mental impairments as "marked." AR 1417. Dr. Genthe opined that the effect on basic work activities was not the primary result of a substance use disorder, but acknowledged that Plaintiff's "ongoing marijuana use might be contributing to [Plaintiff's] anxiety and psychosis, but this is difficult to know for sure unless he stop [sic] using for a few months." AR 1417. Dr. Genthe reported that "[n]o records were provided" for his review. AR 1413.

Dr. Mitchell was contracted to review the medical evidence in April 2020 and indicated that the only records that she reviewed were the medical reports of Dr. Genthe, Dr. Olmer, and two other professionals who produced reports in 2012 and 2011, respectively. AR 1423. Dr. Mitchell marked a box indicating that she agreed with the severity and functional limitations to which the others had opined. AR 1423.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 26

1    The ALJ gave "slight weight" to Drs. Genthe and Mitchell's opinions,

2    expressed through checked boxes, because neither psychologist had reviewed

3    Plaintiff's medical records before forming their opinions.  AR 831 (citing AR 1414,

4    1423).  In addition, the ALJ reasoned that Drs. Genthe and Mitchell provided "no

5    explanations to justify their answers, which are inconsistent with the record as a

6    whole[,] such as the claimant's performances at appointments and examinations.

7    AR 831 (citations to materials in the record omitted).   The ALJ continued, "In

8    addition, the level of limitations opined by Dr. Genthe are not fully consistent with

9    his own descriptions of the claimant during the mental status examination (21F6-7).

10   These two 2020 opinions were formed at a time when the claimant continued to

11   smokes [sic] two to three joints of marijuana daily (21F2). Therefore, a clear picture

12   of his functioning without substance abuse would be difficult to formulate."  AR 832

13   (citing AR 1414, 1418–19).

14        The ALJ provided a specific and legitimate reason for discounting Dr.

15   Genthe's opinion by finding that Dr. Genthe did not provide explanations for how he

16   reached specific findings and acknowledged that he had not received any records to

17   review.  *See* 831–32, 1413–17.  The ALJ also noted a conflict within Dr. Genthe's

18   report in that Dr. Genthe opined that Plaintiff would have a marked limitation in his

19   ability to maintain appropriate behavior in a work setting but observed that Plaintiff

20   had "presented as generally open, cooperative and friendly" and "appeared

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 27

1    attentive[.]"  AR 1418.  Dr. Genthe's report constitutes the substantial evidence

2    supporting the ALJ's findings with respect to his opinion, and the accompanying

3    opinion of Dr. Mitchell.

4        In sum, the Court finds that the ALJ provided sufficient reasons for

5    discrediting the medical opinions at issue and finds no error.  The Court denies

6    Plaintiff's Motion for Summary Judgment with respect to the ALJ's treatment of the

7    subject medical opinions, and grants summary judgment to the Commissioner on

8    this ground.

9        ***Subjective Symptom Testimony***

10        Plaintiff argues that the ALJ did not provide clear and convincing reasons for

11    making a negative credibility finding.  ECF No. 14 at 8.  Plaintiff maintains that,

12    despite slight improvements with treatment and the natural waxing and waning of

13    Plaintiff's mental conditions, the record indicates that Plaintiff's mental health issues

14    have "consistently caused work-preclusive limitations."  *Id.* at 9.  Plaintiff further

15    argues that his noncompliance with treatment was not a valid basis on which to

16    discount his testimony because his noncompliance "was attributable to his

17    impairments."  *Id.*  Plaintiff asserts that his mental health impairments also have

18    resulted in a poor work history dating back to 2001.  *Id.*  Finally, Plaintiff argues that

19    the ALJ improperly rejected the lay witness statement for the same reasons that he

20    rejected Plaintiff's subjective symptom testimony.  *Id.*

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 28

1    The Commissioner responds that the ALJ did not arbitrarily discredit, nor

2    unreasonably assess, Plaintiff's testimony.  ECF No. 13 at 3.  An ALJ should

3    consider the type and effectiveness of medications or other treatment that can relieve

4    a claimant's symptoms, and the ALJ found evidence that Plaintiff's impairments

5    improved while taking his prescribed medications.  *Id.* (citing 20 C.F.R. §

6    416.929(c)(3); AR 826–27, 233, 424, 1341, 1343, 1358, 1378–79, 1384, 1389, 1577,

7    1584, and 1589).  The Commissioner argues that ALJ also reasonably relied on

8    evidence in the record of Plaintiff's inadequately explained noncompliance to follow

9    a prescribed course of treatment, particularly failing to stop drinking alcohol and

10    using illicit drugs, as recommended by Plaintiff's treatment providers.  *Id.* at 4.

11    The Commissioner additionally maintains that Plaintiff's "'extremely poor

12    work history'" further undermined Plaintiff's credibility, as the ALJ found,

13    including not engaging in substantial gainful activity in any year on record, from

14    1986 through 2020.  ECF No. 13 at 4–5 (quoting *Thomas v. Barnhart*, 278 F.3d 947,

15    959 (9th Cir. 2002)).  The Commissioner further maintains that the ALJ reasonably

16    could refer back to the "many good reasons for discounting Plaintiff's allegations" in

17    discounting the similar statements from Plaintiff's mother.  *Id.* at 13.

18    To reject a claimant's subjective complaints, the ALJ must provide "specific,

19    cogent reasons for the disbelief."  *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)

20    (internal citation omitted).  The ALJ "must identify what testimony is not credible

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 29

1    and what evidence undermines the claimant's complaints." *Id*. Subjective symptom

2    evaluation is "not an examination of an individual's character," and an ALJ must

3    consider all of the evidence in an individual's record when evaluating the intensity

4    and persistence of symptoms. *See* SSR 16-3p, 2016 SSR LEXIS 4 (2016).

5        In deciding whether to accept a claimant's subjective pain or symptom

6    testimony, an ALJ must perform a two-step analysis. *Smolen v. Chater*, 80 F.3d

7    1273, 1281 (9th Cir. 1996). First, the ALJ must evaluate "whether the claimant has

8    presented objective medical evidence of an underlying impairment 'which could

9    reasonably be expected to produce the pain or other symptoms alleged.'"

10   *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v.*

11   *Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)). Second, if the first test is met and there

12   is no evidence of malingering, "the ALJ can reject the claimant's testimony about

13   the severity of her symptoms only by offering specific, clear and convincing reasons

14   for doing so." *Smolen*, 80 F.3d at 1281.

15       Plaintiff testified that he has been unable to work his entire adult life because

16   he gets panic attacks and subsequently gets fired or quits. AR 854. Plaintiff

17   testified that he spends his days "sit[ting] around" and watching television, as well

18   as sleeping during the day to make up for the hours that he cannot sleep at night.

19   AR 855. Plaintiff described himself as agoraphobic but can go shopping or socialize

20   when he is feeling well. AR 855–56. Plaintiff asserted that he is sad "all the time"

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 30

1  and lacks motivation.  AR 856.  Plaintiff also endorsed feeling paranoid and anxious,

2  as well finding it difficult to trust people or concentrate.  AR 857–58.

3        The ALJ cited to numerous materials in the record that undermine Plaintiff's

4  testimony regarding his disabling symptoms.  *See* AR 826–27 (collecting citations to

5  the record); *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (an ALJ may

6  consider a claimant's inconsistent or non-existent reporting of symptoms).  The ALJ

7  further cited evidence that Plaintiff has not followed through on treatment

8  recommendations or pursued treatment to the degree that could reasonably be

9  expected given the severity of Plaintiff's mental health complaints.  *See* AR 826–27;

10  *see also Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) ("We have previously

11  indicated that evidence of conservative treatment is sufficient to discount a

12  claimant's testimony regarding severity of an impairment").

13        In addition, the ALJ found that the record suggested that Plaintiff was not

14  working for reasons other than his claimed impairments, as Plaintiff has not engaged

15  in substantial gainful activity at any point since at least 2001.  AR 828.  The Ninth

16  Circuit has found that an "extremely poor work history" is a legitimate basis on

17  which to discount a claimant's symptom testimony.  *See Thomas v. Barnhart*, 278

18  F.3d 947, 959 (9th Cir. 2002); *see also* SSR 82-61, 1982 SSR LEXIS 31, 1982 WL

19  31387, at *1 (Jan. 1, 1982) ("A basic program principle is that a claimant's

20  impairment must be the primary reason for his or her inability to engage in

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 31

1    substantial gainful work.").  Therefore, the Court finds the ALJ's reasoning with

2    respect to Plaintiff's scant work history to support his conclusion, as well.

3          The Court finds that the ALJ provided sufficient, cogent reasons for

4    discounting Plaintiff's and his mother's claims of more extreme limitation than

5    reflected in the RFC, and the ALJ's decision reflects that he thoroughly considered

6    the record.  Therefore, the Court denies Plaintiff's Motion for Summary Judgment

7    on this ground and grants summary judgment to the Commissioner with respect to

8    the alleged erroneous treatment of Plaintiff's subjective symptom testimony.

9          ***Step Five Analysis***

10         Plaintiff argues that, since the ALJ improperly rejected the opinions of

11   Plaintiff's medical sources and Plaintiff's subjective symptom testimony, the

12   hypotheticals that the ALJ posed to the Vocational Expert ("VE") failed to account

13   for the limitations that the ALJ had rejected.  ECF No. 14 at 10.  Plaintiff further

14   asserts that when counsel asked the VE to include the rejected limitations, the VE

15   testified that Plaintiff would be unable to sustain competitive employment.  *Id.*

16   (citing AR 862–63).

17         However, having found no error in the ALJ's treatment of the medical

18   opinions and Plaintiff's subjective symptom testimony, as described above, the

19   Court correspondingly finds no step-five error.  The Court denies Plaintiff's Motion

20

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 32

1   for Summary Judgment on this final ground, and grants summary judgment to the

2   Commissioner.

3       Accordingly, **IT IS HEREBY ORDERED** that:

4       1.      Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **DENIED**.

5       2.      Defendant's Motion for Summary Judgment, **ECF No. 13**, is

6   **GRANTED**.

7       4.      Judgment shall be entered for Defendant.

8       5.      In addition, the District Court Clerk shall **AMEND THE CAPTION** in

9   CM/ECF to reflect that Acting Commissioner Kilolo Kijakazi is substituted for

10  Andrew Saul as the proper Defendant in this matter.  *See* Fed. R. Civ. P. 25(d).

11      **IT IS SO ORDERED**.  The District Court Clerk is directed to enter this

12  Order, enter judgment as directed, provide copies to counsel, and **close the file** in

13  this case.

14      **DATED** April 19, 2022.

15

16      *s/ Rosanna Malouf Peterson*
        ROSANNA MALOUF PETERSON
17      Senior United States District Judge

18

19

20

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 33